## In re LEVY.

(District Court, S. D. New York. February 27, 1923.)

**Bankruptcy �köm272—Conditions to allowance of expense of special investigations.**
    Expenses of investigation of particular transactions, made at the instance of groups of creditors meeting informally, will be carefully scrutinized before their allowance from the estate, and will be allowed only when the investigation has been previously expressly authorized by order.

In Bankruptcy. In the matter of Simon D. Levy, trading as S. D. Levy & Co., bankrupt. On report of referee. Modified and confirmed.

Allen R. Memhard, of New York City, for receiver.
House, Grossman & Vorhaus, of New York City, for bankrupt.

KNOX, District Judge. This case presents in concrete form the practice that has grown up in bankruptcy administration of groups of creditors at informal meetings determining upon the extent to which a particular proceeding should be investigated, and of then employing persons to carry the wishes of creditors into effect, and of failing to make provision for the compensation of the persons so employed, save that a recommendation be made to the court that they be compensated out of the estate.

In the hope and desire that fraud should be detected and fraudulent bankrupts punished, and with the thought that the funds in the estate in fact belong to the creditors, the court has been disposed to meet the creditors' recommendation, and to award compensation for services outside of the purely civil administration of the estate. In recent months, however, the sums requested for such services have grown in size until in many instances the amounts paid for accountants' fees and to investigators represent a total expenditure disproportionate not only to fees allowed receivers and attorneys, but also to the funds available for all purposes.. The result is that, so far as I am concerned, the requests for payments of the character referred to will be scrutinized with great care, and hereafter will be met only in the exceptional case; and even where the facts seem to warrant such expenditures I shall not allow them, unless before the rendition of such services their necessity be made to appear, and the same be expressly authorized by order.

Aside from any question of power in the premises, and upon this there is much to be said in opposition to its existence, the practice seems to me to be one that should sparingly be used. This is so, inasmuch as many creditors are unrepresented in the meetings where a particular line of procedure is desired, the results to be obtained are usually uncertain, and if, as often is the case, the accomplishments of investigation are of small consequence, the unrepresented creditor objects to the diminution of his dividend through the expenditures entailed by the investigation. His position is that the court is not permitting him to receive that which the law says he should have.

Far be it from me in any proper case to frustrate any needful investigation into the fraudulent activities of any bankrupt, and I do not think that the policy I have outlined above need have any such effect. Certainly it will not do so, if the creditors who organize and form a committee will themselves underwrite out of the dividends to be received the expenditures incident to such investigation as they think should be made. This easily could be brought about by the assignment to a chosen committee of such dividends as the creditors are willing to hazard upon the outcome of any particular investigation. With the exception of such creditors who do not so participate, the matter is as broad as it is long, and it is to be borne in mind that the court should not, save in rare instances, be called upon to enforce an unwilling contribution from creditors who do not at the outset agree to the plan proposed at an informal meeting of their fellows. The present practice accomplishes by indirection that which in a particular case might have been the subject of disapproval.

In order not to act unfairly with respect to persons who may have relied upon the practice to which reference has been made, I shall not entirely disallow the request made for compensation to be paid to National Investigating Service. Undoubtedly it was believed that what was done by that organization was for the advantage and benefit of the estate, and I shall not contend that such was not the result of the work. Nevertheless the employment was at no time authorized by the court, and the applicant is in no position to complain if in passing upon its request I exercise a considerable discretion. The bill presented is for $1,225.95, in which is included disbursements amounting to $66.95. The matter will be disposed of by allowing National Investigating Service the sum of $600 in full for its services and disbursements.

Since the hearing upon the passing of the receiver's accounts was had, Messrs. Bilder & Bilder, having received their compensation by order of the District Court of New Jersey, have withdrawn their application for an allowance out of the estate in this district The sum recommended for payment to them in this district will therefore not be paid.

This estate has been involved, and has required much time and attention, for a period extending upwards of a year, upon the part of the attorney for the receiver. The referee has granted such attorney a certificate that he should receive more than double the receiver's commission. I think the certificate well founded, and the fees of the attorney for the receiver will be fixed at $6,000.

Save as herein modified, the report of the referee will be confirmed.